UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 04-12169 |
| | : | |
| DARYL E. TERELLA, DEBTOR | : | |
| | : | |
| JOHN C. MELARAGNO, TRUSTEE, | : | DOCUMENT NO. 24 |
| Movant | : | |
| vs. | : | |
| DEPARTMENT OF THE TREASURY | : | |
| INTERNAL REVENUE SERVICE, | : | |
| Respondent | : | |

## MEMORANDUM

By reason of the fact that the IRS has released its lien, the "lien" is now non-existent. It is non-existent either in the bankruptcy estate or outside the bankruptcy estate. Since there is no lien, the IRS cannot assert a secured claim, either in bankruptcy or otherwise (although it may take further collection action).

As a practical matter, it would seem to make no difference to the IRS whether or not its "secured" claim is allowed, because its proof of claim asserts a $131,320.83 priority claim, to which no objection has been made. The schedules show total assets of $24,910.89. Thus, after allowance of exemptions and administration expenses, the balance, if any, will be distributed to the IRS.

In view of the above, it would seem that the Trustee's objection should be sustained, the IRS secured claim should be disallowed, the IRS unsecured priority claim should be allowed in the amount of $99,766.46, and its general unsecured claim should be allowed in the amount of $160,924.10. A further argument is fixed for June 26, 2006 at 9:10 a.m.

June __12th__, 2006

Warren W. Bentz
United States Bankruptcy Judge

**FILED**

JUN - 9 2006

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA
ERIE OFFICE